IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

## AT FEBRUARY TERM, 1874.

---

## SANDFORD & WRIGHT v. THE NEWARK AND HUDSON RAILROAD COMPANY.

1. The general rule is, that where any doubt arises upon the true sense and meaning of the words of a written contract, or any difficulty as to their application under the surrounding circumstances, the sense of the language may be ascertained by evidence *dehors* the instrument itself.

2. A written contract was entered into to build a bridge which was not described: *held*, that it might be shown by parol that at the time of the contract, the parties referred to a plan or draft of a bridge then in existence.

---

The referee in this case allowed for certain extra work done by the plaintiffs for the defendant in building a railroad bridge. The statement of facts before the court, showed what the contract was between these parties. It was in writing, and the important clauses were of the tenor following, viz.: The plaintiffs agreed that they " will, under the instruction and inspection of the engineer of the said railroad, in a good, substantial, and workmanlike manner, do all the work necessary to construct and build a draw bridge over

VOL. VIII.                    A

the Passaic river, in the city of Newark, where the line of said railroad crosses the river, except the building of the draw and the masonry necessary for the draw piers, it being understood and agreed that the said The Newark and Hudson Railroad Company will furnish all the materials necessary, except the piles ; the whole of the said work to be carried forward, executed, and completed in accordance with such directions and instructions as may, from time to time, be given by the engineer having charge of the work. And in consideration, &c., the said Newark, &c., company, will pay in cash, on or before the 15th day of each month, upon the estimate of the engineer in charge, unto the said parties of the second part, the following rates or prices, viz. : for each and every pile driven and framed, $11 ; for each and every thousand feet b. m. timber framed, $10—it being understood and agreed that ten per cent. shall be retained until the completion of the work, &c.

On rule to show cause.

Argued at November Term, 1873, before BEASLEY, Chief Justice, and Justices DEPUE, VAN SYCKEL, and WOODHULL.

For the defendant, *Cortlandt Parker*.

For the plaintiffs, *Leon Abbett*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. From the statement of the facts now before us, it appears that, at the time the contract in question was made, a plan of the bridge, mentioned in it, was exhibited and referred to by the parties. The principal item in dispute, is for certain work which it was alleged was done in consequence of alterations made in this plan, and the question of law raised before us is, whether the proof of this plan, and of its subsequent alteration, was legitimate. The ground of objection to it was, that the written contract did not refer to any plan of a bridge, and was intelligible and complete in itself. The rule invoked, is that which forbids the introduc-

tion of parol testimony to show anything antecedent to, or cotemporaneous with, a written instrument, to qualify or vary its terms.

The doctrine is of admitted force and importance, but it does not apply to the facts of the present case. The evidence objected to has no tendency to impair the force or alter any of the terms of the written agreement. Its office is merely to apply that agreement to its subject matter. The plaintiffs obligated themselves to do the work on a draw bridge—but such bridge was not described, either in a general or particular manner, in the instrument. It is certainly no part of the express stipulation that the plaintiffs will do the work on any kind of a bridge which the defendant may choose to put up; and the introduction of such an obligation, by intendment, would be most forced and unreasonable. If A should agree to build for B at a certain price, a house, it would hardly be intended that it was the understanding that the promisee could require the construction of a building according to his fancy. In this class of cases contracts are, upon their face, incomplete, and do not become perfectly intelligible until, through the medium of parol evidence, they are connected with the subject to which they relate. In the present instance the writing does not mark out the kind of bridge to be built; it cannot rationally mean any structure at the will of the defendant; and the consequence is, the evidence, to which objection is made, cannot be said either to impair or modify its stipulations. To make this testimony objectionable, it would be necessary to say that this contract bound the plaintiffs to do all the work on a bridge such as the defendant, in its discretion, might determine to have put up. It is not likely that such a contract ever has been or ever will be made; it is clear the terms of the present instrument will not bear such an interpretation. The bridge to which the work appertained not being defined in writing, it became entirely legal to define it by the parol proof. Such evidence is generally necessary to show what it is the parties are contracting about. For such purpose, testimony of this kind has been often admitted. In *Macdonald* v. *Longbottom*,

1 *E. & E.* 978, the defendant, by a written contract, had purchased of the plaintiffs, who were farmers, a quantity of wool, which was described in the contract simply as "your wool." Some time previously a conversation had taken place, in which the plaintiffs' stated that they had a quantity of wool, consisting partly of their own clip, and partly of wool they had contracted to buy of other farmers. In an action for not accepting the wool, this conversation was held admissible in evidence for the purpose of explaining what the parties meant by the term "your wool." *Mumford* v. *Gething,* 7 *C. B.* (*N. S.*) 305, will be found equally to the point. In *Thorington* v. *Smith,* 8 *Wall.* 1, it was adjudged competent to show by the cotemporaneous understanding of the parties, that the term "dollars," meant confederate dollars. I will not follow further the cases, but will content myself by quoting the general rule in question, as defined by Tindall, C. J., in *Shore* v. *Wilson,* 9 *Clark & F.* 566, that definition being in these words, viz.: "The true interpretation of every instrument being manifestly that which will make the instrument speak the intention of the party at the time it was made, it has always been considered an exception, or, perhaps, a corollary to the general rule above stated, that where any doubt arises upon the true sense and meaning of the words themselves, or any difficulty as to their application under the surrounding circumstances, the sense and meaning of the language may be investigated and ascertained by evidence *dehors* the instrument itself." The rule thus stated evidently embraces the facts of the present case, and legalizes the testimony now called in question.

With respect to the matters of fact discussed, it appears to me that the referee, from the proofs before him, had the right to draw the inferences and make the findings contained in his report. The action of the referee is to have the weight of a verdict, and attributing to it such weight, it is clear there is no ground on which it can be disturbed.

The rule should be discharged, with costs.